NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3292

THOMAS P. GATES,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  June 5, 2006

_____

Before BRYSON, Circuit Judge, ARCHER, Senior Circuit Judge, and GAJARSA, Circuit Judge.

PER CURIAM.

## DECISION

Thomas P. Gates petitions this court for review of a decision of the Merit Systems Protection Board, Docket No. SF-0846-04-0699-I-1, dismissing his appeal for lack of jurisdiction.  We affirm.

## BACKGROUND

Mr. Gates was an employee of the federal government from 1968 through 1985.  During that period he had retirement coverage under the Civil Service Retirement System ("CSRS").  The United States Marine Corps hired him in 2002 as an Electronic

Worker. When he was hired in 2002, Mr. Gates was given retirement coverage under the CSRS Offset program, but he was also given the option of changing his coverage to the Federal Employees' Retirement System ("FERS"). Mr. Gates availed himself of that option by submitting a FERS Election Form. After submitting the form, however, Mr. Gates asked his agency to change his coverage back to the CSRS Offset system. He alleged that when he submitted the FERS Election Form he had misunderstood what he was doing.

Mr. Gates's employing agency denied his request on December 23, 2003. In its decision denying Mr. Gates's request, the agency informed him that he could appeal the denial decision to the Department of Defense Civilian Personnel Management Service, Field Advisory Services Division ("CPMS"). The record contains two letters from Mr. Gates to CPMS, dated December 27, 2003, and February 27, 2004, requesting reconsideration of the denial of his request to withdraw his FERS election, but does not contain any record of a response from CPMS.

On July 24, 2004, Mr. Gates filed an appeal with the Merit Systems Protection Board. On August 5, 2004, the administrative judge assigned to Mr. Gates's case issued an acknowledgment order, in which she informed him that the Board may not have jurisdiction to decide his appeal and that his appeal would be dismissed unless he amended the appeal to show that he had received an appealable decision from the Office of Personnel Management ("OPM"). On August 19, 2004, OPM filed a motion to dismiss for lack of jurisdiction, contending that Mr. Gates had not, in fact, received an appealable decision from OPM. The Board granted OPM's motion and dismissed Mr. Gates's appeal. Mr. Gates seeks review of that decision.

DISCUSSION

The jurisdiction of the Board is limited by statute to matters made appealable to it by "law, rule or regulation." 5 U.S.C. §§ 1204(a)(1), 7701(a). An appellant has the burden of proving that the Board has jurisdiction over his appeal. 5 C.F.R. § 1201.56(a)(2)(i). Mr. Gates's appeal to the Board concerns his rights under the CSRS Offset. The pertinent statute, 5 U.S.C. § 8347(a), charges OPM with administering the CSRS statute, and 5 U.S.C. § 8347(d)(1) provides that "an administrative action or order affecting the rights or interests of an individual or of the United States under [the CSRS statutes] may be appealed to the Merit Systems Protection Board under procedures prescribed by the Board."

The Merit Systems Protection Board has adopted procedures providing that it has jurisdiction over determinations "affecting the rights or interests of an individual or of the United States under the Civil Service Retirement System or the Federal Employees' Retirement System" when those appeals "are authorized by law, rule, or regulation." 5 C.F.R. § 1201.3(a)(6). The Board's regulations make reference to regulations promulgated by OPM, including a regulation that provides that, with respect to issues arising under the CSRS, only final decisions of OPM are appealable to the Board. See 5 C.F.R. §§ 831.109, 831.110. Thus, the statutory and regulatory scheme requires that an employee raising a claim under the CSRS must first seek relief from OPM before filing an appeal with the Board. See Edgerton v. Merit Sys. Prot. Bd., 768 F.2d 1314, 1316-17 (Fed. Cir. 1985); McGuire v. Dep't of Veterans Aff., 76 M.S.P.R. 259, 261-62 (1997); Secaida v. U.S. Postal Serv., 44 M.S.P.R. 256, 257-58 (1990).

In this case, Mr. Gates did not seek relief from OPM before appealing to the Board. Instead, his claim in his appeal to the Board was that the Department of Defense erroneously denied his request to change his retirement coverage and unreasonably failed to respond to his request for reconsideration. He thus did not follow the required avenue for obtaining a right of appeal to the Board.

In his filings with this court and with the Board, Mr. Gates argues that CPMS has been unresponsive to his requests for reconsideration, although he notes that the lack of response may be due to his error in addressing his letters to CPMS. Whether CPMS has been unresponsive through its own fault or the fault of Mr. Gates, Mr. Gates may not seek relief from the Board until after he has appealed the decision (or inaction) of his agency to OPM.

Mr. Gates argues that he has indeed appealed to OPM. In support of that contention, he points to two documents in the record. The first is a letter from the director of OPM's Office of Congressional Relations to United States Representative Howard McKeon, in response to an inquiry made by Representative McKeon on February 20, 2004, on Mr. Gates's behalf. In the letter, OPM states that the Department of the Navy advised Mr. Gates of his right to seek reconsideration from CPMS, and that "Mr. Gates did not file an appeal with that office." Mr. Gates also points to OPM's filing with the Board, in which OPM argues that the full Board should not grant Mr. Gates's petition for review. Contrary to Mr. Gates's arguments, neither of those documents reflects that Mr. Gates appealed the decision of his agency to OPM. Representative McKeon's request for information from OPM on Mr. Gates's behalf does not constitute an appeal to OPM. Moreover, OPM's filing with the Board opposing Mr.

Gates's petition for full Board review is not a decision on his claim, but is a legal pleading in which OPM takes the same position as it does in this appeal—that the Board does not have jurisdiction over Mr. Gates's appeal because Mr. Gates has not filed an appeal with OPM and obtained a final decision from OPM on his claim.

Mr. Gates's remedy for an adverse decision from his employing agency on a CSRS matter lies first with an appeal to OPM. If Mr. Gates presents the merits of his dispute to OPM, and OPM rules against him, he can then seek review by the Board, but not until OPM has entered a final decision on his claim. The Board therefore correctly held that it lacked jurisdiction over Mr. Gates's appeal.